DAVIS v. CAYTON.

No. 5884.

Court of Civil Appeals of Texas. Amarillo.

June 28, 1948.

Rehearing Dismissed Oct. 29, 1948.

Underwood, Wilson, Sutton, Heare & Boyce, of Amarillo, for appellant.

Stone & Stone and Morgan, Culton, Morgan & Britain, all of Amarillo, for appellee.

PITTS, Chief Justice.

This appeal attacks the jurisdiction of the District Court and the Probate Court in the appointment of an administrator for the estate of William A. Davis, deceased. On October 9, 1946, a collision occurred on a public highway in Oldham County, Texas, between automobiles owned and operated respectively by William A. Davis, Orange County, California, and Clarence F. DeGreef, Lake County, Illinois. DeGreef's wife, Lillian DeGreef, was riding with him at the time and all parties were injured and both automobiles were damaged. Davis was moved immediately to Amarillo, Potter County, Texas, where he died intestate the next day, survived by his wife, Margaret P. Davis, a resident of Orange County, California, and four adult children. At the time of his death Davis had a "combination automobile policy" in full force and effect issued by American Automobile Insurance Company, incorporated in the State of Missouri. The said company had a permit to do business in Texas and had an agent in Potter County. The said policy provided for coverage by reason of personal injuries as well as for property damages and bound the insurance company to defend, in the name of the insured, any suits filed for personal or property damages. On May 5, 1947, E. C. (Earl) Cayton filed his application in the Probate Court of Potter County to be appointed administrator of the estate of William A. Davis, deceased. After service was had, Cayton was appointed administrator of the said estate by the Probate Court on May 19, 1947, and he gave bond and took the oath of office as such on the same day. On the same day the Probate Court appointed appraisers, who returned an inventory, appraisement and list of claims against the said estate. The report of the appraisers shows the total assets of the estate to be $11,600, consisting of a claim for $1000 against the American Automobile Insurance Company for damages done to the automobile of Davis, deceased, by reason of the collision in question, and the automobile policy above referred to, the value of which was estimated to be $10,600. The report further shows claims made against the said estate by Clarence F. DeGreef and wife, Lillian DeGreef, for damages by reason of personal injuries sustained by each of them and for damages by reason of the destruction of their automobile. The inventory, appraisement and list of claims against the said estate was approved by the Probate Court on June 18, 1947. The DeGreefs likewise made known their claims to American Automobile Insurance Company prior to January 1, 1947. On June 13, 1947, Mar-

garet P. Davis filed an application in the Probate Court to vacate the order appointing Earl Cayton administrator and dismiss the proceedings for lack of jurisdiction. She alleged in support thereof that she was the surviving widow of William A. Davis, deceased; that any property belonging to the deceased was held by him and the applicant in joint tenancy and title thereto passed to her upon his death; that she had no notice of the appointment of Earl Cayton as administrator of the estate of her deceased husband until after the appointment had been made; that the court did not have jurisdiction to appoint an administrator for the reasons that William A. Davis did not reside in Texas, had no estate in Texas other than the insurance policy and there was no existing necessity for an administration. She further alleged however in the alternative that she, as the surviving wife of the deceased, should be named administratrix of the said estate in lieu of Earl Cayton if the court found there existed a necessity for such and further found that it had jurisdiction over the subject matter. Her prayer was consistent with her pleadings.

Thereafter E. C. (Earl) Cayton and Clarence F. DeGreef and wife, Lillian DeGreef, joined issues with Margaret P. Davis in two separate answers filed. On August 20, 1947, the issues were heard by the Probate Court, which overruled the motion of Margaret P. Davis to dismiss the proceedings for want of jurisdiction but it sustained her alternative plea, revoking that part of its former order appointing E. C. (Earl) Cayton administrator of the said estate and appointed Margaret P. Davis, the surviving wife of the deceased, administratrix of the said estate upon her meeting the requirements of the laws of Texas in such matters, from which order Margaret P. Davis perfected her appeal to the District Court. Thereafter on December 16, 1947, the case was heard and a trial had de novo by the District Court without a jury and a like judgment there entered on January 24, 1948, which confirmed the orders entered by the Probate Court and an appeal has been perfected by Margaret P. Davis to this Court. No complaint is made however about that part of the trial court's

order appointing Margaret P. Davis administratrix of the estate of the deceased in lieu of E. C. (Earl) Cayton if it be found and held that the trial court and the Probate Court had jurisdiction to make such appointment. Therefore Margaret P. Davis will be hereafter referred to as appellant and the other parties as appellees.

The record reveals that the DeGreefs filed suit in the District Court of Potter County on May 20, 1947, against E. C. Cayton, administrator of the estate of William A. Davis, deceased, for personal damages and for property damages by reason of the collision; that American Automobile Insurance Company had paid to Margaret P. Davis and the four adult children of her and the deceased the sum of $1000 in settlement for its liability on the damaged automobile driven by the deceased at the time of the collision, after which the said insurance company took possession of the said automobile and sold it; that the said automobile had remained in Potter County from the date of the collision until it was salvaged and sold by the insurance company on January 27, 1947. The record further reveals that appellant and American Automobile Insurance Company jointly filed suit against all the appellees on June 16, 1947 in the District Court of Potter County for a declaratory judgment under the Texas Uniform Declaratory Judgment Act, Vernon's Ann.Civ.St. art. 2524—1, praying for a determination of the issues here involved.

The controlling question here presented for determination is whether or not appellant established the fact that the Probate Court did not have jurisdiction to appoint an administrator of the estate of William A. Davis, deceased. The record does not disclose the evidence heard by the Probate Court when it made the appointment on May 19, 1947 but the court's order making such appointment found, among other findings, that the deceased "was seized and possessed of an estate situated within the State of Texas; that this court has jurisdiction of said estate; that there is a necessity for administration upon said estate * * *;" and E. C. Cayton was then appointed without any contest at that

time. Article 3356, Revised Civil Statutes, provides that "No administration upon an estate shall be granted unless there exists a necessity therefor, such necessity to be determined by the court hearing the application." In the case of Van Grinderbeck v. Lewis, Tex.Civ.App., 204 S.W. 1042, the court held that it was within the exclusive province of the county court to determine whether or not a necessity exists for the administration of an estate. It has likewise been held that the necessity for an administration must be presumed in every case, unless facts be shown that make it an exception to the general rule. Ferguson v. Mounts, Tex.Civ.App., 281 S.W. 616, and Pitts v. Thompson, Tex.Civ.App., 71 S.W.2d 368. Appellant was therefore charged with the burden of establishing her allegations to the effect that there was no necessity for an administration and obviously both the Probate Court and the District Court have found that she failed to establish her said allegations.

Appellant attacks the judgment of the trial court on the ground that the administration is not authorized unless a necessity for such exists by reason of the existence of two or more debts against the estate. Appellant further contends that an administration is not authorized in Texas for the sole purpose of affording one nonresident the right to file suit against another nonresident. Yet she asserts that our own courts have not spoken on such a question but concedes that there exists cases in which the courts of other jurisdiction have held that a policy such as the one involved here constitutes an estate which will warrant an administration. We find it has been held by the Supreme Court of Illinois and the Supreme Court of Oregon that a policy of public liability insurance is an estate which supports an administration. Furst v. Brady, 375 Ill. 425, 31 N.E.2d 606, 133 A.L.R. 558; and In re Vilas' Estate, 166 Or. 115, 110 P.2d 940. We have not found any holding to the contrary.

Appellees contend that the courts of our own state have held that a policy of public liability insurance is an estate which supports an administration and cite the cases of St. Louis Southwestern Ry. Co. of Texas v. Smitha, 111 Tex. 285, 232 S.W. 494, and Lancaster & Wallace v. Sexton, Tex.Civ.App., 245 S.W. 958, in support of their contention. But, be that as it may, we think the record supports the judgment of the trial court for reasons hereinafter given. It seems to be conceded by all parties that any rights of the DeGreefs for damages against the estate of William A. Davis, deceased, as a result of the collision in question must be determined by the laws of Texas. Appellant contends that under the law of Texas all three claims of appellees for damages constitute only one debt and that appellees have failed to show the necessity for an administration upon the estate of the deceased because they have failed to show the existence of two or more debts against the said estate as is required by Article 3370, Section 4, Vernon's Annotated Statutes. Appellant seems to concede that a tort claim is a debt within the meaning of the said Article. 33 C.J.S., Executors and Administrators, § 6b, page 887, says, "The debt forming the basis of a grant of administration must be a legal claim on the deceased or his estate * * *". The following authorities support such a theory: Williams v. Robins, 56 Tex. 347; Furst v. Brady, supra; Colby v. McClendon, Tex. Civ.App., 116 S.W.2d 505; Webster's New International Dictionary, Second Edition. Since appellees, Clarence F. DeGreef and his wife, Lillian DeGreef, have each asserted two claims against the estate of the deceased for personal injuries sustained by each of them and since they have likewise asserted a third claim for damages done to their automobile; there are three separate claims, debts or causes of action being asserted by them against the estate of William A. Davis, deceased. Each of these three causes of action stands alone and each depends upon a separate pleading in the main and different evidence to support it. They may be maintained either in one suit or in separate suits and a judgment for recovery in one of them will not bar a recovery in any of the others. 33 Tex.Jur. 99, Paragraphs 65; 1 Tex.Jur. 674, Paragraph 57; 1 Am. Jur. 494, Paragraph 113; 1947 Pocket Parts of Volume 1, Page 32, Am.Jur.;

Texas & P. Ry. Co. v. Nelson, 9 Tex.Civ. App. 156, 29 S.W. 78; Watson v. Texas & P. Ry. Co., 8 Tex.Civ.App. 144, 27 S.W. 924. The question of whether such causes of action should or should not be joined together for prosecution must be determined by the court or the courts in which such causes of action have been or may be filed for recovery and not by the Probate Judge who is called upon to appoint an administration for an estate against which the claims or debts are claimed to exist. For the reasons stated it is our opinion that both the Probate Court and the District Court were justified in concluding that the said three claims of appellees constituted two or more debts against the estate of William A. Davis, deceased, and that there existed a necessity for an administration.

 Article 5525, Vernon's Annotated Civil Statutes, makes the following provision:

"All causes of action upon which suit has been or may hereafter be brought for personal injuries, or for injuries resulting in death, whether such injuries be to the health or to the reputation, or to the person of the injured party, shall not abate by reason of the death of the person against whom such cause of action shall have accrued, nor by reason of the death of such injured person, but, in the case of the death of either or both, all such causes of action shall survive to and in favor of the heirs and legal representatives and estate of such injured party and against the person, or persons liable for such injuries and his or their legal representatives, and may be instituted and prosecuted as if such person or persons against whom same accrued were alive."

Since the rights of the parties must be determined by the law in Texas, there must be a legal representative of the estate of the deceased against whom appellees may proceed to establish what rights, if any, they may have in the matter. There is no question but what the wife of the deceased serving as administratrix of the estate would be a legal representative after she has been duly and properly appointed and after she has qualified as such under the laws of Texas.

 In the case of Lancaster & Wallace v. Sexton, supra [245 S.W. 959], the court laid down a very sensible comprehensive rule as follows:

"In determining the necessity for an administration, courts will take into consideration all the duties which under the prevailing laws an administrator is required to perform, and all the rights to be secured by an administration. To refuse an administration in a situation like this would, in many instances, destroy the value of the right of action which Congress has created mainly for the benefit of the Laboring class."

Doubtless the trial court applied this rule along with all others in considering all the evidence it had before it at the time it rendered its judgment supporting the action of the Probate Court. Obviously it reached the conclusion that the three claims in question constituted two or more debts existing against the estate of deceased. It must have further concluded that such debts together with the existence of an estate consisting of the demolished automobile of deceased located in Potter County at the time of his death and the said policy of public liability insurance constituted a sufficient necessity for an administration. It is our opinion that the trial court was justified in so finding under the record presented to us and its judgment is therefore affirmed.