**George PIPER, Appellant,**

v.

**ESTATE of Hubert THOMPSON and Maudie Thompson, Appellees.**

**No. 19070.**

Court of Civil Appeals of Texas, Dallas.

Dec. 22, 1976.

William A. Barber, Jr., Dallas, for appellant.

James K. Peden, III, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellees.

AKIN, Justice.

This is a suit by appellant-plaintiff, George Piper, against Hubert Thompson for personal injuries and property damages arising out of an automobile collision. Prior to service of citation, Mr. Thompson died. Plaintiff amended, naming as defendants the surviving widow, Maudie Thompson, and the "Estate of Hubert Thompson." The defendants filed a plea designated a "plea in bar" alleging that Mrs. Maudie Thompson was not personally liable for the tort damages and that an "estate" of a decedent is not a legal entity amenable to sue or to be sued. Without hearing evidence, the trial court dismissed the cause, and plaintiff appeals. Because we hold that a trial court is not justified in sustaining a plea dismissing a cause without hearing evidence on the plea and because we also hold that plaintiff has alleged facts sufficient to sustain an action against the widow, we reverse and remand.

Although designated a "plea in bar," the plea in question is not a proper plea in bar because it goes to a defect in parties rather than to plaintiff's right to recover. It is, rather, a plea in abatement since it pertains to the capacity in which the defendants are sued. *See Hughes v. Atlantic Refining Co.,* 424 S.W.2d 622, 625 (Tex. 1968). A plea in abatement is a plea setting forth some obstacle to the further prosecution of the cause until it is removed, and if it is sustained, the proper action is to abate the cause until the impediment is removed. *Life Ass'n of America v. Goode,* 71 Tex. 90, 8 S.W. 639, 640. A plea in bar goes to the plaintiff's right to recover and, if sustained, requires a take-nothing judgment finally disposing of the controversy in favor of the defendant. *Kelley v. Bluff Creek Oil Company,* 158 Tex. 180, 309 S.W.2d 208, 214. If the plea is considered as a plea in bar, it could not properly be

sustained at a preliminary hearing unless the parties agreed to this procedure or unless the summary judgment procedure was utilized. *Id.* The proceeding in this case cannot be treated as equivalent to a hearing on summary judgment, as urged by appellees, because the opposing party was not given such notice of the nature of the hearing as would have required him to respond with his opposing summary-judgment proof under Tex.R.Civ.P. 166–A. *Liberty Mutual Insurance Co. v. City of Fort Worth,* 524 S.W.2d 743, 746 (Tex.Civ.App.—Fort Worth 1975, writ dism'd). Consequently, the trial court's order could not be justified as a final disposition of the action even if a proper plea in bar had been before it.

Neither can the order be justified by treating the plea as a plea in abatement, even though a plea in abatement may be disposed of at a preliminary hearing. The plea may be treated as one in abatement despite the misnomer of the plea as one in bar. The misnomer is not controlling; the court can look to the substance of the plea and treat it accordingly. Tex.R.Civ.P. 71; *Texas Highway Department v. Jarrell,* 418 S.W.2d 486, 488 (Tex.1967). In order for a trial court to properly sustain a plea in abatement, it is incumbent upon the party asserting the plea to establish by a preponderance of the evidence the grounds alleged, unless they are established as a matter of law by plaintiff's petition. *Oak Lawn Preservation Society v. Board of Managers of Dallas County Hospital District,* 539 S.W.2d 167, 169 (Tex.Civ.App.—Dallas 1976, no writ).

Appellees argue that since Tex. Prob.Code Ann. § 178 (Vernon 1956) requires the administration of an estate if two or more debts of the decedent exist, appellant cannot maintain this action unless there is an administration of Mr. Thompson's estate because suit may be maintained directly against the heirs of a decedent only if no administration is required. *See Perkins v. Cain's Coffee Co.,* 466 S.W.2d 801, 802 (Tex.Civ.App.—Corpus Christi 1971, no writ). Thus, the administrator, not the heirs, would be the proper party, and abate-

ment of the suit would be proper until an administrator qualifies and is joined as a defendant. In support of this contention, appellees assert that Mrs. Thompson's sworn answers to requests for admissions show that at least two debts exist because these answers state that the expenses of Mr. Thompson's last illness and funeral remain unpaid and this, coupled with plaintiff's claim, constitute two debts. We cannot agree that these answers support the plea because answers to requests for admissions are not competent proof in favor of the party making the answers. *Sprouse v. Texas Employers Insurance Association,* 459 S.W.2d 216, 220 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.). They may be used only against the party making them. The same rule is applicable to appellees' argument that they have established the existence of heirs who were not joined because this contention is likewise supported only by Mrs. Thompson's answers to requests for admissions. Consequently, dismissal of the action cannot be upheld on this ground.

Absent competent evidence, the plea in abatement may be sustained only if grounds for abatement appear on the face of plaintiff's petition. *Oak Lawn Preservation Society, supra.* We agree with appellees that an action against the "estate" of Hubert Thompson as such cannot be maintained because it is not a legal entity. Ordinarily, a suit seeking to establish the decedent's liability should be brought against the executor or administrator of the estate or, under appropriate circumstances, against all of the heirs or beneficiaries. *Price v. Estate of Anderson,* 522 S.W.2d 690, 691 (Tex.1975). Plaintiff's amended petition is insufficient on its face to fall within the exception because it does not allege that all of the heirs are named; consequently, the action against the "estate" cannot be maintained as a suit against the heirs. Accordingly, we remand to the trial court with directions to abate the action against the "estate" for a reasonable time to allow plaintiff to amend by setting forth the heirs as such or by naming the appropriate legal representative of the estate as a

defendant. If amendment is not made within a reasonable time, defendants may move to dismiss the action against the heirs.

■■■ In view of our decision to remand, we address appellees' contention that the petition, on its face, shows that two debts against the estate exist because the claim for personal injuries and property damage constitutes two distinct debts and that an administration of the estate of Mr. Thompson is, therefore, required by Tex.Prob.Code Ann. § 178 (Vernon 1956). In support of this argument, appellees rely on *Davis v. Cayton*, 214 S.W.2d 801, 804 (Tex.Civ.App. —Amarillo 1948, no writ), for the proposition that the claims for property damage and personal injuries suffered by Piper in the accident are two debts. In that case, suit was brought attacking the necessity of appointing an administrator. The court held that personal injuries suffered by a husband and wife and damage to their automobile·constituted three separate causes of action and that each was a separate debt of the estate. The court's decision was based upon the theory that each cause of action could be maintained independently of the other and that judgment in one would not bar recovery in the others. *Davis, supra* at 804. We regard this decision as sound insofar as separate causes of action existed on behalf of each of the two plaintiffs, but we do not accept its dictum that a judgment in a personal injury action does not bar a subsequent suit by the same party for property damage arising from the same occurrence. On this point we prefer to follow *Traders & General Insurance Co. v. Richardson*, 387 S.W.2d 478, 479 (Tex.Civ. App.—Beaumont 1965, writ ref'd), in which the Beaumont court held that personal injuries and damage to an automobile arising out of one accident constitute but one cause of action when the party who was injured was also the owner of the damaged vehicle. As in *Traders*, Piper suffered personal injuries and sustained damage to his vehicle as a result of the collision. Since these claims could not be maintained as separate causes of action, we conclude that they constitute but one debt under § 178. *Cf. Cook v. Baker*, 45 S.W.2d 161, 166 (Tex.Comm's.

App.1932, holding approved) (holding that an action for services rendered to the decedent and also for a loan to the decedent was only one debt of the estate.) We perceive no valid policy which dictates a construction of § 178 that would require administration simply because one individual has one cause of action against the estate that consists of multiple elements of damage. Section 178 is intended to prevent one creditor from prejudicing the rights of other creditors by maintaining an action against the decedent's heirs that may be detrimental to the rights of other creditors. Furthermore, under our interpretation, the heirs of the decedent would have to defend but one suit and would not have to undertake the expenses that may be attendant upon an administration. Consequently, we hold that Piper's cause of action for personal injury and property damage is but one debt within the meaning of § 178.

■■■ With respect to the defendant Maudie Thompson, we conclude that Piper's action may be maintained against her without showing that administration is not necessary and without alleging that she is the sole heir or joinder of any other heirs. Tex. Prob.Code Ann. § 160 (Vernon 1956) provides that where no executor or administrator of the decedent's estate has qualified, the surviving spouse may be sued on a community obligation. Tex.Fam.Code Ann. § 5.61(d) (Vernon 1975) makes the community liable for torts committed by either spouse during marriage, and where the plaintiff limits the recovery sought to community property, the surviving spouse is the only party necessary. *See Latham v. Estate of Mosley*, 351 S.W.2d 123, 124–25 (Tex.Civ.App.—Beaumont 1961, writ dism'd); *Camellia Diced Cream Co. v. Chance*, 339 S.W.2d 558, 560 (Tex.Civ.App. —Houston 1960, no writ). In Piper's petition, he specifically limits the recovery sought to the proceeds of a motor vehicle liability insurance policy. Although no allegation is made that this policy is community property, it is presumably community in view of Tex.Fam.Code Ann. § 5.02 (Vernon 1975), which provides that all property pos-

sessed by either spouse during marriage is presumed to be community. Consequently, the trial court erred in dismissing the action as against her.

Reversed and remanded.

ROBERTSON, J., not sitting.