**ESTATE OF Eric NELSON, Deceased, Appellant,**

v.

**Phyllis NEAL, Appellees.**

**No. 9638.**

Court of Appeals of Texas, Texarkana.

Dec. 28, 1988.

Rehearing Denied Jan. 24, 1989.

---

Robert C. Buchanan, Jr., Cowles & Thompson, Dallas, for appellant.

Richard N. Countiss, Law Offices of Windle Turley, P.C., Dallas, for appellees.

GRANT, Justice.

Gunnar Nelson, son of the decedent, Eric Hilliard Nelson, appeals from a trial court order denying his request to set aside a

previous order appointing a temporary administrator for the Estate of Eric Hilliard Nelson.

Eric Hilliard Nelson, a California resident, died in an airplane crash in Bowie County, Texas, on December 31, 1985. Phyllis Neal, an Arkansas resident, filed a complaint in United States District Court on December 31, 1986, on behalf of herself and her children, seeking to recover damages from the Estate of Eric Hilliard Nelson and others for the death of her husband, Bobby Neal, in that airplane crash. On December 21, 1987, Phyllis Neal filed an application in the probate court of Bowie County, Texas, for the appointment of a temporary administrator for Nelson's estate, pursuant to Tex.Prob.Code Ann. § 131A (Vernon Supp.1988). On December 23, 1987, another application was filed by attorney William Bingham, a Texas resident, as the representative of Phyllis Neal.

Bingham's verified application stated the applicant was unaware of the existence of any will and alleged a necessity for temporary administration based upon the existence of two debts against the estate requiring a legal representative in Texas so that the creditors might recover these debts. These two debts are the respective claims of Phyllis Neal and her children against the Nelson estate for the death of their husband and father, Bobby Neal. The undisputed reason for seeking the appointment of a temporary administrator was to secure an agent for the service of process because the statute of limitations on the tort action was going to run on December 31, 1987.

On December 23, 1987, the probate court issued an order appointing attorney G. William Lavender the temporary administrator of the Estate of Eric Hilliard Nelson. The order limited Lavender's authority as administrator to receiving service of process in suits filed against the estate, to making demands on any insurance company which may be liable in claims against the estate,

and to forwarding process and tendering defense to such insurance company.

Gunnar Nelson filed a contest to the appointment on December 29, 1987. In his contest, Nelson challenged the appointment on the grounds that the decedent did not die intestate, that the decedent's will had been admitted to probate in California, and that an executor had been appointed, and letters testamentary had been issued there, thus rendering any appointment under Section 131A of the Texas Probate Code improper.

The court conducted a hearing on January 13, 1988,[1] and determined to continue the appointment. On February 22, 1988, the court entered findings of fact and conclusions of law and issued an order denying the contestant's request to set aside the previous order appointing the temporary administrator. On June 16, 1988, the court issued an order making the temporary administration permanent.

■ Section 131A(i) provides that if an interested person[2] or an heir requests a hearing to contest the appointment of a temporary administrator, a *hearing* shall be held and determination made not later than the tenth day after the date the request was made.

Neither the statute nor the case law construing it offers any guidance as to the nature of the hearing. Prior to the addition of Tex.Prob.Code Ann. § 131A (Vernon Supp.1988), Section 131 governed the procedure relating to the contest of appointments of temporary administrators and guardians. Tex.Prob.Code Ann. § 131 (Vernon 1980), *amended by* ch. 929, § 1, 1985 Tex.Gen. & Spec.Laws 3115, *amended by* ch. 460, § 1, 1987 Tex.Gen. & Spec.Laws 2045. Although Section 131 did not specify that such hearings were evidentiary, the case law indicates that such hearings were evidentiary. *Kay v. Sandler,* 704 S.W.2d

---

1. The hearing was not held within ten days as required by Tex.Prob.Code Ann. § 131A(i) (Vernon Supp.1988). However, we need not address this failure since it has not been raised on appeal.

2. Section 3(r) of the Probate Code defines "interested persons" as "heirs, devisees, spouses, creditors, or any other having a property right in, or claim against, the estate being administered." Tex.Prob.Code Ann. § 3(r) (Vernon 1980).

430 (Tex.App.–Houston [14th Dist.] 1985 writ ref'd n.r.e.).

The requirement of an evidentiary hearing under Section 131A is consistent with the general provisions of the Probate Code. The Code specifies that contestants in probate proceedings may introduce and procure the testimony of witnesses. Tex.Prob. Code Ann. § 10 (Vernon 1980). Also, the Texas Rules of Civil Procedure and the Texas Rules of Civil Evidence are applicable in probate proceedings. Tex.Prob.Code Ann. § 22 (Vernon 1980); Tex.R.Civ.P. 2; 29 Tex.Jur.3d *Decedents* § 114 (1983).

■ Such a contested matter should be tried *de novo* in the same manner as a will contest. *Cravens v. Chick*, 524 S.W.2d 425 (Tex.Civ.App.–Fort Worth), *writ ref'd n.r.e. per curiam*, 531 S.W.2d 319 (Tex.1975). Unlike a will contest, however, the burden of proof should not shift to the contestant. In a will contest, notice is given prior to the hearing so that there is an opportunity for a contest at the initial hearing. The contest of a temporary administration differs from this in that the temporary administration is granted before notice is given, so no opportunity exists for contesting the appointment until after the appointment is made. Thus, the petitioner who seeks temporary administration has the burden of establishing *prima facie* proof of death, venue, and facts showing an immediate necessity for the appointment of a temporary administrator.

■ In the present case, no evidence was offered at the hearing.[3] Neal's attorney, William Bingham, filed verified pleadings with an affidavit attached, but unless such an instrument is introduced in evidence in the course of the hearing, the exhibit will not be considered as evidence. *Carr v. Central Music Co.*, 494 S.W.2d 280 (Tex.Civ.App.–Austin 1973, no writ). By the same token, Gunnar Nelson presented the court with certified copies of instru-

ments showing that the lost will of Eric Nelson had been admitted to probate on March 11, 1986, in the Superior Court of California, County of Los Angeles, and that David Nelson had been appointed executor of the Eric Nelson estate. It was the duty of Gunnar Nelson to offer these documents in evidence, but he failed to do so. *Hibbler v. Walker*, 593 S.W.2d 398 (Tex.Civ.App.–Houston [14th Dist.] 1980, no writ).

■ Only two of Gunnar Nelson's five points of error deal with the sufficiency of the evidence. He urges that the trial court erred in refusing to set aside the order appointing a temporary administrator because there was no evidence that the will of Eric Nelson was being contested. This contention would assume that the temporary administrator had been appointed under Section 132 of the Probate Code, which authorizes such an appointment pending a will contest. The appointment in the present case was made under Section 131A of the Probate Code, and therefore there was no requirement of proof of a pending will contest. The first point of error is overruled.

■ The second point of error dealing with evidence contends that the trial court erred in refusing to set aside the appointment of the temporary administrator because there was no evidence that Eric Nelson died intestate. The application does not contend that Eric Nelson died intestate, but states that "Applicant is unaware of any will left by Decedent, as all records regarding the Decedent's estate in California have been sealed by the court."[4] The following discussion is also applicable to Gunnar Nelson's point of error contending that the trial court erred because the evidence conclusively established that Eric Nelson did not die intestate.

The basic rule set forth in *King v. King*, 230 S.W.2d 335 (Tex.Civ.App.–Amarillo 1950, writ ref'd), is that the purpose of this

---

3. Finding of facts and conclusions of law cannot be considered when no evidence is introduced. *Healy v. Wick Bldg. Systems*, 560 S.W.2d 713, 721 (Tex.Civ.App.–Dallas 1977, writ ref'd n.r.e.) (Op. on Motion for Rehearing).

4. In support of this contention, Neal attached to the application a form letter from the Los Angeles County Clerk's Office, indicating that documents concerning the Nelson Estate were sealed by court order.

section of the Probate Code is to authorize the appointment of a temporary administrator only in the event that there does not already exist another administration with full powers. Furthermore, Section 131A specifically provides that the application must include information required by Section 82 of the Probate Code. Section 82 deals with the contents of application for letters of administration and subsection (b) requires "[t]he name and *intestacy* of the decedent, and the fact, time and place of death." (Emphasis added). Tex.Prob.Code Ann. § 82 (Vernon Supp.1988).

We interpret the *King* case to mean that a temporary administrator cannot be appointed when an administration with full powers exists within the State of Texas. This does not mean that a temporary administrator cannot be appointed in Texas when an administration exists in another state. Furthermore, the provision in Section 82 deals with an administration with full powers, and for such an administration it would be necessary to establish the intestacy so that the property could be properly divided under the laws of descent and distribution of this State. The present temporary administration does not deal with the distribution of property and was taken out for limited purposes under which the intestacy is not vital; therefore, the failure to show specifically intestacy is not fatal to the applicants.

The Texas Legislature specifically anticipated the situation involved in the present case in Section 105 of the Probate Code. This section provides for ancillary letters testamentary to be issued to an executor appointed in another state. The section specifically states:

If letters of administration have previously been granted by such court in this State to any other person, such letters shall be revoked upon the application of the executor after personal service of citation upon the person to whom such letters were granted.

Tex.Prob.Code Ann. § 105 (Vernon 1980).

■ Therefore, if a California executor wishes to terminate letters of administration, he can do so by an ancillary probate proceeding in Texas whereby he obtains ancillary letters testamentary.[5]

■ Until a foreign representative qualifies in Texas, either an executor or administrator, the representative has no authority in this State.[6] The court in *Williams v. Fuerstenberg*, 12 S.W.2d 812 (Tex.Civ. App.–Amarillo 1928), *rev'd on other grounds*, 23 S.W.2d 304 (Tex.Comm'n App. 1930) [quoting *Hare v. Pendleton*, 214 S.W. 948 (Tex.Civ.App.–Texarkana 1919), *rev'd on other grounds*, 231 S.W. 334 (Tex. Comm'n App.1921), opinion adopted] stated as follows:

Each state has the absolute power to control the administration of the property of decedents situated within its own borders. Our laws do not confer upon one holding a foreign appointment as executor or administrator authority to perform any official act in this state, either in controlling property belonging to the decedent, or in forceably collecting debts due the estate. The only recognition accorded to such representatives by our statute is a preference in receiving an appointment in this state when application is made therefor in order to get possession of property situated within our borders.

---

**5.** The copy of a foreign will and its admission into probate duly attested to is prima facie evidence that the will has been duly admitted to probate according to the laws of the state wherein it was admitted to probate. Tex.Prob. Code Ann. § 97 (Vernon 1980). When a will is admitted to ancillary probate in accordance with Section 95 of the Probate Code, the executor named in the will is entitled to receive letters testamentary on proof that he has qualified as such in the jurisdiction in which the will was admitted to probate and that he is not

disqualified to serve in Texas. Tex.Prob.Code Ann. § 105 (Vernon 1980).

**6.** An exception to this rule is that a foreign representative may receive for administration in his State personal property originally located in Texas, if it is voluntarily delivered and there is no ancillary administration pending in Texas. *Hare v. Pendleton*, 214 S.W. 948 (Tex.Civ.App.– Texarkana 1919) *rev'd on other grounds*, 231 S.W. 334 (Tex.Comm'n App.1921, opinion adopted).

Thus, in order to defeat the appointment of a temporary administrator, the contestants would be required to show that there was no need for the administration, and one way to show that there was no need would be to show that an administration already existed in Texas. Gunnar Nelson's contentions to the contrary are overruled.

 In the other two points of error, Gunnar Nelson complains that the trial court lacked the authority to make the appointment of the temporary administrator. It is uncontested that Eric Nelson died in Bowie County, Texas, which establishes venue under Section 6(b) of the Probate Code, and that Phyllis Neal and her children allege tort claims which arose in Bowie County. Tex.Prob.Code Ann. § 6(b) (Vernon 1980). The necessity for an administration must be presumed in every case, unless facts are shown that make it an exception to the general rule. *Pitts v. Thompson,* 71 S.W.2d 368 (Tex.Civ.App.–Dallas 1934, writ dism'd); *Ferguson v. Mounts,* 281 S.W. 616 (Tex.Civ.App.–Amarillo 1926, writ dism'd). A tort claim is a debt within the statute which provides that a necessity for administration upon an estate shall be deemed to exist where the existence of two or more debts are shown. *Davis v. Cayton,* 214 S.W.2d 801 (Tex.Civ. App.–Amarillo 1948, no writ); Tex.Prob. Code Ann. § 178(b) (Vernon 1980). Section 178 of the Probate Code does not mandate the existence of two or more debts, but rather states that when such exist a necessity for administration "shall be deemed." The section goes on to state that the mention of the two instances of necessity, two or more debts or a need for a partition among the distributees, "shall not prevent the court from finding other instances of necessity upon proof before it." The case

of *Davis v. Cayton, supra,* held that two claims against the estate of the deceased for personal injury and a third claim for damages done to an automobile were three separate claims or debts.[7]

Furthermore, a liability insurance policy which may be applicable to these claims is an estate which supports an administration. *Davis v. Cayton, supra.* The deceased insured's potential right of exoneration under a liability policy constitutes a sufficient asset to support an administration. *In re Edmundson,* 273 N.C. 92, 159 S.E.2d 509 (1968). The right of indemnification under a liability policy also constitutes an asset which will support an administration. *Milmoe v. Toomey,* 356 F.2d 793 (D.C.Cir. 1966); *Price v. Sommermeyer,* 195 Colo. 285, 577 P.2d 752 (1978).[8]

We conclude that the appointment of a temporary administrator was in the discretion of the probate court judge, as was the appointment of a permanent administrator with limited powers, and that the administration should be allowed to continue until such time as there is no longer a need for such administration or until an executor takes out a full or an ancillary administration in this State.

The judgment of the trial court is affirmed.

---

**7.** The case of *Piper v. Estate of Thompson,* 546 S.W.2d 341 (Tex.Civ.App.–Dallas 1976, no writ) is consistent with the court's determination in *Davis v. Cayton,* 214 S.W.2d 801 (Tex.Civ.App.– Amarillo 1948, no writ) that a cause of action for personal injury and property damage made by the same person would constitute multiple debts. The *Piper* case held that an action for personal injury and property damage is but one debt within the meaning of Section 178 of the Probate Code. However, this is not in conflict

with the holding in *Davis v. Cayton* that personal injuries sustained by two different people constitute separate debts.

**8.** The *Price* court noted that "[a]t least twenty-one other states have considered this issue and have concluded that such a right under a liability insurance policy constitutes a sufficient asset or property for the appointment of an administrator and the probate of an estate."