Gunnar NELSON, Petitioner,

v.

Phyllis NEAL, Respondent.

No. C–8448.

Supreme Court of Texas.

Feb. 7, 1990.

Rehearing Overruled May 16, 1990.

J. Stephen Gibson, Dallas, for petitioner.

Thomas J. Stutz, Bill Bingham, Richard N. Countiss and Rita M. Swanson, Dallas, for respondent.

SPEARS, Justice.

This appeal involves the appointment of a temporary administrator under section 131A of the Texas Probate Code. Phyllis Neal filed an application in the probate court for the appointment of a temporary administrator for the estate of Eric "Ricky" Nelson, deceased. The probate court appointed a temporary administrator for the purpose of receiving citation in a wrongful death action. The court of appeals affirmed, concluding that a temporary administration in Texas should be granted until a need no longer exists for the administration or until an executor takes out a full or an ancillary administra-

tion in Texas. 764 S.W.2d 322. We affirm the court of appeals' judgment.

On December 31, 1985, Eric Nelson, a California resident, and Bobby Neal were killed as a result of a plane crash in Bowie County, Texas. Thereafter, Phyllis Neal, the widow of Bobby Neal, filed in federal court a wrongful death claim against Nelson's estate. Nelson's estate took no action to open an administration in Texas. Almost two years after the airplane crash, Neal sought to have G.W. Lavender appointed as temporary administrator of Nelson's estate pursuant to section 131A of the Texas Probate Code. Neal's application for the temporary administration stated that she was unaware of the existence of any will and alleged the necessity of a temporary administration based upon the wrongful death claims of Neal and her children against Nelson's estate. On December 23, 1987, Neal successfully obtained the appointment of a temporary administrator to secure an agent for service of process because the statute of limitations on her wrongful death claim would run on December 31, 1987.

### NECESSITY

Section 131A(b)(2) of the Texas Probate Code requires that the verified application for appointment of a temporary administrator include "facts showing an immediate necessity for the appointment of a temporary administrator."[1] In her application, Neal alleged an immediate necessity for an administration because a policy of liability insurance which covered the airplane crash was present in Nelson's estate. This insurance policy could be depleted if other judgment creditors were allowed to reach it

before Neal could actuate coverage by timely serving her claim on a qualified personal representative of Nelson's estate.

■ Nelson's estate relies on *Piper v. Estate of Thompson*, 546 S.W.2d 341, 345 (Tex.Civ.App.—Dallas 1976, no writ), in arguing that an administration is necessary only when there are estate assets subject to administration in Texas, and at least two debts are to be satisfied out of the assets of the estate. Tex.Prob.Code Ann. § 178 (Vernon 1956). Nelson's estate maintains that the trial court lacked jurisdiction to appoint an administrator because there were no such assets in Nelson's estate. However, Nelson's estate conceded this argument in the trial court. Moreover, the court of appeals, relying on *Davis v. Cayton*, 214 S.W.2d 801 (Tex.Civ.App.—Amarillo 1948, no writ), held that a liability insurance policy which may be applicable to Neal's wrongful death claims is an asset which supports an administration in Texas. 764 S.W.2d at 327.

In pertinent part, Section 178(b) provides: No administration of any estate shall be granted unless there exists a necessity therefor, such necessity to be determined by the court hearing the application. Such necessity shall be deemed to exist if two or more debts exist against the estate ... but mention of [this instance] of necessity for administration shall not prevent the court from finding other instances of necessity upon proof before it.

Tex.Prob.Code Ann. § 178 (Vernon 1956). The court of appeals held section 178(b) of the Probate Code does not mandate the existence of two or more debts, but rather, provides that when two or more debts exist, a necessity for administration shall be

---

1. Section 131A(b) provides:
   Any person may file with the clerk of the court a written application for the appointment of a temporary administrator of a decedent's estate under this section. The application must be verified and must include the information required by Section 82 of this code and an affidavit that sets out:
   (1) the name, address, and interest of the applicant;
   (2) the facts showing an immediate necessity for the appointment of a temporary administrator;

   (3) the requested powers and duties of the temporary administrator;
   (4) a statement that the applicant is entitled to letters of temporary administration and is not disqualified by law from serving as a temporary administrator; and
   (5) a description of the real and personal property that the applicant believes to be in the decedent's estate.
Tex.Prob.Code Ann. § 131A (Vernon Supp. 1989).

deemed. The court of appeals characterized the wrongful death action by Neal and her children as separate debts. We agree with this characterization.

In *Piper*, the estate contended that its claim for personal injuries and property damage arising out of the same incident constituted two distinct debts and that an administration was required under Tex. Prob.Code Ann. § 178 (Vernon 1956). The *Piper* Court reasoned that the two claims could not be maintained as separate causes of action and therefore concluded that they constituted only one debt under section 178. *Id.* at 345. The facts in *Piper* are distinguishable from those in the present case. Neal's wrongful death action and the one she asserts on behalf of her children could both be brought independently of each other. Judgment in one would not bar recovery in the other. Thus, the two claims made by Neal constitute two debts against the estate of Eric Nelson, thereby creating a necessity for an administration in Texas.

The court below relies on *King v. King*, 230 S.W.2d 335 (Tex.Civ.App.—Amarillo 1950, writ ref'd), where appellant appealed from an order appointing a temporary administrator of an estate over which an independent executor already had full power and authority. The court in *King* held that there cannot be two legal administrations of an estate pending at the same time. The facts in *King* are distinguishable from those in the instant case. When Neal applied for the appointment of a temporary administrator, she did not know that Nelson's will had been admitted to probate in California. Therefore, we are not faced with the situation which existed in *King*, i.e. the appointment of a temporary administrator with knowledge that an administration with full power and authority already exists. We hold, therefore, that the *King* case is not applicable to the instant case.

It is important, however, to note that the appellate court in the instant case incorrectly interpreted the *King* opinion. The appellate court stated that *King* permits a temporary administrator to be appointed in Texas even if an administration exists in another state. 764 S.W.2d at 326. We do not interpret the *King* opinion in this manner. Rather, *King* stands for the proposition that a temporary administrator can be appointed "only in the event that there did not then already exist another administration with full powers." *King*, 230 S.W.2d at 339. Nowhere in the *King* opinion does the court state that Texas will refuse to honor an independent administration that exists within another state.

## INTESTACY

Gunnar Nelson, Eric Nelson's son, contested Lavender's appointment on the grounds that Eric Nelson did not die intestate. Nelson's estate alleged that an executor of Eric Nelson's estate had been duly qualified under a will admitted to probate in California, rendering any appointment of a temporary administrator under section 131A improper.

Section 131A(b) of the Probate Code specifically provides that the application for appointment of a temporary administrator must include the information required by section 82 of the Probate Code. Section 82(b) requires "[t]he name and *intestacy* of the decedent...." Tex.Prob.Code Ann. § 82 (Vernon Supp.1989) (emphasis added). Since a will was admitted to probate in California, the inquiry becomes whether Eric Nelson died testate in Texas.

In her application for the appointment of a temporary administrator, Neal states that "applicant is unaware of any will left by Decedent, as all records regarding the Decedent's estate in California have been sealed by the court." Nelson's estate urges that a mere allegation of lack of knowledge is not tantamount to the unequivocal averment that the deceased died intestate as required by sections 82 and 131A. Neal maintains that this statement is tantamount to an assertion that she has no knowledge that there is a will. She argues that the statement cannot be construed except as a statement that decedent is intestate. Neal attempted to obtain copies of the documents related to Nelson's estate from the clerk of the probate court in Los Angeles but was informed that the

documents sought were sealed. Although she was required to swear under oath pursuant to section 131A that Eric Nelson died intestate, she could not unequivocally swear that Eric Nelson died without a will.

The burden of proving intestacy under oath was difficult to meet in the instant case as the records from the California probate court were sealed. The records were sealed at the request of Eric Nelson's estate; yet Gunnar Nelson contends that Neal failed to discharge her burden under section 131A because she was unable to make an unequivocal statement under oath about the information unavailable to her. We conclude that Neal's statement fulfills the requirement in section 82(b) that an applicant state the intestacy of the decedent.

### HEARING

■ Under section 131A(h)(1) of the Probate Code, any person interested in the decedent's estate may contest the temporary administrator's appointment by requesting a hearing within fifteen days of the appointment. Section 131A(i) provides that, if requested, a hearing shall be held and determination made not later than the tenth day after the date the request was made. However, the Probate Code does not specify the nature of the hearing on the contest. The purpose for empowering temporary administrators was to provide a mechanism by which the assets of an intestate decedent's estate could be preserved until delivered into the control of a permanent administrator. *Ex parte Lindley,* 354 S.W.2d 364, 366 (Tex.1962). Hence, section 131A in the probate context serves the same purpose as the temporary injunction—to preserve the status quo. *Compare Ex parte Lindley,* 354 S.W.2d at 366 *with Texas Aeronautics Comm'n v. Betts,* 469 S.W.2d 394, 398 (Tex.1971).

The appointment of a temporary administrator is voidable if shown to be improper by the contesting party. Accordingly, Nelson's estate had the burden to contest the probate court's appointment of the temporary administrator. Since Nelson's estate had no opportunity to contest the initial

appointment, the burden to show necessity of the temporary administration did not shift to Nelson's estate. Rather, this burden to show necessity remained with Neal.

The probate court's granting of the temporary administration is prima facie evidence that it found a necessity for appointing a temporary administrator. Therefore, Neal met her burden to show such necessity. At the Section 131A hearing, although the attorneys made statements about evidentiary matters, neither party proffered nor sought to admit any evidence. Exhibits tendered but not admitted into evidence are not part of the record and cannot be considered on appeal. *State Banking Board v. Valley National Bank,* 604 S.W.2d 415, 418 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.).

Additionally, neither the contest of the application for appointment of a temporary administrator nor the response to the contest is sworn to. Therefore, the only evidence in the record is the unrebutted prima facie showing that a temporary administration was necessary. Accordingly, there is nothing in the record from which we can determine that the trial court erred in making the appointment. *Texas & N.O.R. Co. v. Hayes,* 156 Tex. 148, 293 S.W.2d 484, 487 (1956) (holding that a case can be reversed only upon error disclosed in the record).

We hold that the probate court did not err in appointing G.W. Lavender as the temporary administrator of Eric Nelson's estate in Texas or in denying Gunnar Nelson's request to set aside its order appointing Lavender as administrator.

The judgment of the court of appeals is affirmed.

PHILLIPS, C.J., dissents in an opinion in which GONZALEZ and HECHT, JJ., join.

PHILLIPS, Chief Justice, dissenting.

I dissent. The appointment of G. William Lavender as temporary administrator of Nelson's estate was valid at the time Neal served process upon the estate, but the appointment was voidable, and the probate court should have overturned the ap-

pointment at the contested hearing because Neal failed to meet her burden of proof.

The question before this court is whether Neal complied with section 131A(b) of the Texas Probate Code. Section 131A(b) required Neal to file a verified application for appointment of a temporary administrator for the estate of Eric Nelson, including a section 82(b) application for letters of administration, stating "[t]he name and *intestacy* of the decedent...." TEX.PROB.CODE ANN. § 82(b) (1989) (emphasis added). Neal filed an affidavit, but did not swear as to the *intestacy* of Eric Nelson. In fact, Neal's sworn Application for Appointment of Temporary Administrator simply states as follows: "Applicant is *unaware* of any will left by Decedent, as all records regarding the Decedent's Estate in California have been sealed by the Court...." TR. at 51 (emphasis added).

This court recognizes that Neal failed to swear unequivocally to Eric Nelson's intestacy, yet it excuses Neal's failure to comply with the affidavit requirements of section 82(b) by merely stating that it was "difficult" for Neal to acquire the information necessary to enable her to meet statutory affidavit requirements. At 346. The unavailability of information or the difficulty of obtaining information does not necessarily excuse an affiant from the burden of accurately swearing, under oath, to information required by statute. Texas law dictates that, unless authorized by statute, an affidavit is insufficient unless the allegations therein are direct and unequivocal, and perjury can be assigned upon it. *Burke v. Satterfield*, 525 S.W.2d 950, 955 (Tex.1975). An affidavit that swears to facts "to the best of the affiant's knowledge or belief" will not suffice. *See Nagelson v. Fair Park Nat'l Bank*, 351 S.W.2d 925, 928 (Tex.Civ.App.—Dallas 1961, writ ref'd n.r.e.). Neal did not unequivocally swear to Nelson's intestacy as required by section 131A, and her burden of proving intestacy under oath was not excused merely because "[t]he burden of proving intestacy under oath was difficult to meet in the instant case...." At 346.

As best I can determine, this is the first instance in Texas (or, for that matter, American) jurisprudence where a verification imposed by statute or rule has been judicially excused. This court's apparent standard of "difficulty" will almost certainly result in great confusion and unsettle the salutary purposes served by the many verification requirements in our procedure.

The very fact that Nelson's estate had sealed the probate proceedings in California suggested the existence of a will in California. Neal should have taken further steps, beyond simply asking the county clerk, to verify Nelson's intestacy. Neal never inquired as to who was the administrator or executor of the estate, and she never directly asked the estate or the estate's counsel about the existence of a will. If upon direct request, Nelson's estate had refused to acknowledge the existence of a will, then the *estate* would have prevented Neal from complying with the affidavit requirements. The estate, however, did not actively interfere. Neal simply did not use due diligence in determining the existence of the California will and failed to unequivocally swear to Nelson's purported intestacy. There is no sound reason to excuse Neal's failure to comply with the affidavit requirements of sections 131A and 82(b) of the Texas Probate Code.

Despite the absence of proper verification, the temporary appointment was not void at the time Neal served process in the underlying litigation that led to this proceeding. The probate court appointed G. William Lavender temporary administrator on December 23, 1987, and the contested hearing was held on January 13, 1988. According to section 131A(i) of the Texas Probate Code:

> During the pendency of a contest of the appointment of a temporary administrator, *the temporary appointee shall continue to act as administrator of the estate* to the extent of the powers conferred by his appointment.

(emphasis added). In addition, section 28 of the Texas Probate Code states that:

> Pending appeals from orders or judgments appointing ... temporary adminis-

trators or guardians, *the appointees shall continue to act as such* and shall continue the prosecution of any suits then pending in favor of the estate.

(emphasis added). G. William Lavender's appointment as temporary administrator of Nelson's estate was valid until contested on January 11, 1988, and absent contest, the court could have made the appointment permanent. TEX.PROB.CODE § 131A(j). Irrespective of the inadequacy of Neal's application for the initial appointment, the appointment was not void, but rather, merely voidable. A judgment is void only if the court rendering judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985). Neal's failure to comply with the affidavit requirements did not, therefore, deprive the probate court of jurisdiction. *Cf. Peek v. Equipment Service Co. of San Antonio*, 779 S.W.2d 802, 804 (Tex.1989).

Once the probate court appointed a temporary administrator, Nelson's estate had the burden to contest the court's decision at a hearing. TEX.PROB.CODE ANN. § 131A(i) (1989). This court correctly states that neither side proffered nor sought to admit any evidence at the contested hearing. I agree with the court of appeals that the burden of proof to show the necessity of a temporary administration did not shift to Nelson's estate at the contested hearing because the estate had no prior opportunity to contest the initial temporary appointment until after the court announced its appointment. 764 S.W.2d at 325. Therefore, once the estate filed its Contest of Application for Appointment of Temporary Administrator, Neal once again had the burden to show necessity for a temporary administration. Because Neal failed to introduce any evidence at the contested hearing, she failed to meet her burden and the probate court should have overturned the temporary appointment.

Therefore, I dissent. In so dissenting, however, I do point out that G. William Lavender was validly serving as temporary administrator on January 11, 1988, at the time he was served with process by Neal in her suit against Nelson's estate.

GONZALEZ and HECHT, JJ., join in this dissent.