**Affirmed and Opinion Filed April 2, 2021**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-20-00233-CV
_____

**LAWRENCE P. PITTS, Appellant**

**V.**

**THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2005-RP2, ET AL.; OCWEN LOAN SERVICING, LLC; AND MACKIE WOLF ZIENTZ & MANN P.C., Appellees**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-15415**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Garcia

Plaintiff-appellant Lawrence P. Pitts, proceeding pro se, appeals a take-nothing judgment rendered against him after a bench trial. In two issues, he argues that the trial court erred by (1) excluding certain evidence and (2) rendering judgment against him. We affirm.

# I. Background

In December 2016, Pitts sued appellees The Bank of New York Mellon Trust Company ("Bank"), Ocwen Loan Servicing ("Ocwen"), and Mackie Wolf Zientz & Mann, P.C. Pitts sought to quiet title to his residence in Garland, Texas, and claimed that appellees held an invalid and unenforceable deed of trust on the property that caused a cloud on his title. Specifically, he alleged that (1) in December 2010, a prior creditor had accelerated the promissory note secured by the deed of trust; (2) in December 2014, the four-year statute of limitations expired; and (3) in January 2016, appellees began improper attempts to accelerate the note a second time and to initiate foreclosure proceedings. Pitts asserted claims to quiet title and for declaratory relief, fraud, and violations of the Texas Finance Code.

The Bank and Ocwen filed a counterclaim seeking a declaratory judgment that a foreclosure of the deed of trust was not time-barred.

The trial court denied Pitts's request for a temporary injunction. He filed a motion for reconsideration and then tried to appeal the denial of that motion. We dismissed the appeal for lack of jurisdiction. *Pitts v. Bank of N.Y. Mellon Trust Co.*, No. 05-17-00115-CV, 2017 WL 474468 (Tex. App.—Dallas Feb. 6, 2017, no pet.) (mem. op.).

Next, appellees won a take-nothing summary judgment as to all of Pitts's claims. Pitts appealed. We affirmed the summary judgment as to Pitts's Finance Code claims, but we reversed and remanded as to his quiet title, declaratory

judgment, and fraud claims. *Pitts v. Bank of N.Y. Mellon Trust Co.*, 583 S.W.3d 258 (Tex. App.—Dallas 2018, no pet.). We held that appellees had not conclusively proved that the 2010 acceleration, if any, was abandoned. *Id.* at 267; *see also id.* at 260 n.1 (noting that there was no summary-judgment evidence that the acceleration occurred but that appellees had not disputed Pitts's allegation).

On remand, Mackie Wolf Zientz & Mann again won summary judgment. Pitts raises no complaints about that order in this appeal.

The trial judge conducted a nonjury trial on Pitts's claims against the Bank and Ocwen. No witnesses testified, but both sides admitted several documents as exhibits. The trial judge sustained the defendants' objections to Pitts's Exhibit 15, a one-page document with the title "NOTICE OF ACCELERATION OF MATURITY" at the top. The judge did not specify her reasons for sustaining the objections.

After the trial, the judge signed a final judgment denying all relief to both sides. No findings of fact were requested or made.

Pitts timely appealed.

## II.    Analysis

### A.    Issue One:  Did the trial judge abuse her discretion by excluding Pitts's evidence?

Pitts's first issue argues that the trial judge abused her discretion by sustaining the objections to his Exhibit 15. We conclude that Pitts has not shown error.

### 1.    Standard of Review

We review a ruling on the admissibility of evidence for abuse of discretion. *Fleming v. Wilson*, 610 S.W.3d 18, 21 (Tex. 2020) (per curiam). A trial judge abuses her discretion if she acts without reference to any guiding rules and principles such that her ruling is arbitrary or unreasonable. *Pressley v. Casar*, 567 S.W.3d 327, 333 (Tex. 2019) (per curiam). The trial judge has no discretion in determining what the law is or in applying the law to the facts. *Id.*

### 2.    Relevant Facts

During the trial of this case, Pitts offered a one-page document into evidence as Exhibit 15. Taken at face value, the document was "Page 2 of 3" of a December 17, 2010 notice of acceleration of the maturity of a promissory note secured by a deed of trust covering the residence in question. The Bank and Ocwen made three objections to Exhibit 15: (1) hearsay, (2) lack of authentication, and (3) failure to disclose as a trial exhibit. They also pointed out that the exhibit appeared to be incomplete because the phrase "Page 2 of 3" appeared at the bottom of the one-page document. Pitts did not respond directly to these objections, but he pointed out that the Bank and Ocwen's trial brief had mentioned the document and described its contents. The trial judge excluded Exhibit 15.

On appeal, Pitts argues that the trial judge erred by excluding Exhibit 15 because (1) the Bank and Ocwen never denied that the December 2010 acceleration occurred and (2) the document had been filed with the trial court three times before

trial. Pitts also attached a complete copy of the alleged acceleration document to his appellant's brief along with his own authenticating affidavit.

### 3. Application of the Law to the Facts

In analyzing Pitts's arguments, we focus on the Bank and Ocwen's authentication objection. Once the defendants objected to Pitts's failure to authenticate the document, Pitts bore the burden to produce evidence sufficient to support a finding that the document was what he claimed it to be. *See* TEX. R. EVID. 901(a). Pitts cites no authority to support his contention that an opponent's past failure to deny a document's authenticity is itself evidence of authenticity—much less evidence so compelling as to deprive the trial court of discretion to sustain a lack-of-authentication objection. We have found no such authority, in the Texas Rules of Evidence or elsewhere.

Further, the document's attachment to a prior pleading is not persuasive here. Documents attached to pleadings are not evidence unless they are offered and admitted as evidence by the trial court. *Ugwa v. Ugwa*, No. 05-17-00633-CV, 2018 WL 2715437, at *2 (Tex. App.—Dallas June 6, 2018, no pet.) (mem. op.) (citing *Nelson v. Neal*, 787 S.W.2d 343, 346 (Tex. 1990) ("Exhibits tendered but not admitted into evidence are not part of the record and cannot be considered on appeal.")).

Generally, the proponent of evidence must authenticate it by a sponsoring witness or by showing that the evidence meets Rule 902's requirements for self-

authentication. *See Swan v. GR Fabrication, LLC*, No. 05-17-00827-CV, 2018 WL 1959486, at \*2 (Tex. App.—Dallas Apr. 26, 2018, no pet.) (mem. op.) (discussing the authentication requirement). Pitts did neither. We hold that neither (1) the prior filings of the document by other parties nor (2) the Bank's and Ocwen's alleged failures to object to the document during temporary-injunction and summary-judgment proceedings deprived the trial judge of discretion to sustain the Bank's and Ocwen's lack-of-authentication objection.

Additionally, we disregard the alleged copy of the full three-page document that Pitts attached to his appellant's brief because we cannot consider documents that are not part of the appellate record. *See Sink v. Sink*, 364 S.W.3d 340, 345 (Tex. App.—Dallas 2012, no pet.) ("[A]n appellate court cannot consider documents that are cited in the brief and attached as appendices if they are not formally included in the record on appeal."). He asks us to take judicial notice of that document, but we deny that request because the document does not satisfy the requirements for judicial notice. *See* TEX. R. EVID. 201(b) (judicial notice may be taken of facts not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

We overrule Pitts's first issue on appeal.

**B.    Issue Two:  Did the trial court err by rendering a take-nothing judgment against Pitts on his claims to quiet title and for declaratory judgment?**

In his second issue, Pitts asserts that the trial court erred by rendering a take-nothing judgment against him on his claims to quiet title and for declaratory judgment.  The sole basis for Pitts's second issue is the trial judge's exclusion of his Exhibit 15.  Because we have concluded that Pitts did not show the trial judge abused her discretion by excluding Exhibit 15, it follows that Pitts has not shown that the trial judge erred by rendering judgment against him.  Accordingly, we overrule Pitts's second issue on appeal.

### III.    Conclusion

We affirm the trial court's judgment.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

200233F.P05

–7–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

LAWRENCE P. PITTS, Appellant

No. 05-20-00233-CV     V.

THE BANK OF NEW YORK
MELLON TRUST COMPANY,
NATIONAL ASSOCIATION FKA
THE BANK OF NEW YORK
TRUST COMPANY, N.A. AS
SUCCESSOR TO JP MORGAN
CHASE BANK, N.A., AS
TRUSTEE FOR RESIDENTIAL
ASSET MORTGAGE PRODUCTS,
INC., MORTGAGE ASSET-
BACKED PASS-THROUGH
CERTIFICATES SERIES 2005-RP2,
ET AL.; OCWEN LOAN
SERVICING, LLC; AND MACKIE
WOLF ZIENTZ & MANN P.C.,
Appellees

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-16-15415.
Opinion delivered by Justice Garcia.
Justices Schenck and Smith
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees The Bank Of New York Mellon Trust Company, National Association FKA The Bank Of New York Trust Company, N.A. As Successor To JP Morgan Chase Bank, N.A., As Trustee For Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2005-RP2, Et Al.; Ocwen Loan Servicing, LLC; and Mackie Wolf Zientz & Mann P.C. recover their costs of this appeal from appellant Lawrence P. Pitts.

Judgment entered this 2nd day of April, 2021.