Alvin CARR, d/b/a Regal Cafe,
Appellant,

v.

CENTRAL MUSIC COMPANY,
Appellee.

No. 11990.

Court of Civil Appeals of Texas,
Austin.

April 18, 1973.

Rehearing Denied May 9, 1973.

C. A. Searcy Miller, Anderson, Henley, Shields, Bradford & Pritchard, Dallas, for appellant.

Bob Burleson, Bowmer, Courtney, Burleson & Ferguson, Temple, for appellee.

O'QUINN, Justice.

Central Music Company, appellee, brought suit against Alvin Carr, doing business as Regal Cafe, to enforce terms of an agreement under which Central Music claimed an exclusive concession to furnish coin operated music and amusement machines in appellant's place of business in Bell County.

The trial court rendered judgment upon the verdict of a jury enjoining appellant for the full term of the agreement, ending September 1, 1974, from placing or operating any coin operated electrical phonographs or amusement devices in his cafe, other than those belonging to Central Music Company. The court also found the agreement valid and binding, and granted appellee the right of specific performance of the contract in all its provisions.

Appellant's amended motion for new trial was overruled by operation of law and appellant perfected this appeal.

Appellant brings four points of error under which validity of the contract, or "location agreement," is attacked as being in violation of the Constitution of Texas and the First and Fourteenth Amendments of the Constitution of the United States and contrary to Sections 15.01, 15.02, and 15.03 of the Business and Commerce Code of Texas and therefore unenforceable under Section 15.04 of the Code, V.T.C.A.

Appellant has not filed a statement of facts. The judgment discloses that at the trial appellant assumed the burden of proof, admitting that Central Music was entitled to recover as set forth in its petition, except as recovery might be defeated by appellant's defenses established on the trial. (Rule 266, Texas Rules of Civil Procedure)

In the absence of a statement of facts we are unable to examine and consider the agreement which appellant contends is invalid. Appellant invites our attention to an exhibit, purporting to be a copy of the agreement, attached to appellant's first amended answer below. In the alternative, appellant urges this Court to permit him to bring forward a partial statement of facts to show the contract as introduced at the trial.

Rule 59, Texas Rules of Civil Procedure, authorizes a party to a lawsuit to attach copies of written instruments to pleadings. But unless the instrument is introduced in evidence in the course of trial, the exhibit will not be considered as evidence. It was the burden of appellant to introduce the contract in evidence in order for it to be considered by the trial court and by the appellate court. Maberry v. First National Bank of Littlefield, 351 S.W.2d 96, 101 (Tex.Civ.App. Amarillo 1961, no writ).

When anything material to either party is omitted from a statement of facts, the appellate court, on proper suggestion, or on its own initiative, may direct a supplemental record to be certified and transmitted to supply the omitted matter. Rule 428, Texas Rules of Civil Procedure. But this Rule is applicable only after a statement of facts, approved and signed by the trial court or counsel, has been filed with the court of civil appeals. Further corrections of a properly filed statement of facts may then be made. Hammett v. McIntire, 365 S.W.2d 844, 848 (Tex.Civ.App. Houston 1962, writ ref. n. r. e.). There being no properly filed statement of facts in this Court, a supplemental record contemplated by the Rule is not permissible.

Appellant's contentions can be tested on appeal only by evidence adduced showing an agreement embodying provisions and obligations without validity because forbidden by terms of the state or federal constitution or a state law. There

being no statement of facts, this Court is without power to pass on the merits of the points presented. We must assume that the judgment of the trial court and the verdict of the jury were supported by the evidence. Valdez v. Rodriguez, 173 S.W.2d 514 (Tex. Civ.App. San Antonio 1943, writ ref.); Sekaly v. Hilton Center, Inc., 340 S.W.2d 827 (Tex.Civ.App. Waco 1960, no writ); Cruz v. First Credit Corporation, 380 S.W.2d 749 (Tex.Civ.App. San Antonio 1964, no writ); Redman v. Bennett, 401 S.W.2d 891 (Tex. Civ.App. Tyler 1966, no writ).

The judgment of the trial court is affirmed.

Affirmed.