**William P. BIBBY et al., Appellants,**

v.

**Joseph E. PRESTON, Appellee.**

**No. 1036.**

Court of Civil Appeals of Texas, Tyler.

August 18, 1977.

Rehearing Denied Oct. 6, 1977.

Merrit H. Gibson, Longview, for appellants.

Jerry S. Harris, Roberts, Harbour, Smith, Harris, French & Ritter, Longview, for appellee.

DUNAGAN, Chief Justice.

This is a suit to remove cloud from title and for actual and exemplary damages. Appellee Joseph E. Preston (hereafter called "plaintiff") through his second amended petition brought suit against defendants Ivy Laird, William P. Bibby and wife, Jo Ann Bibby, Cora Maye Rausheck, individually, and C. M. Rausheck, trustee. The case was withdrawn from the jury docket upon the failure of the defendants to appear for trial, pursuant to Tex.R.Civ.P. 220. Plaintiff proceeded with the presentation of his case and announced to the court that all matters in controversy between himself and the defendant Ivy Laird had been settled and that an appropriate instrument would be placed of record whereby and wherein Ivy Laird disclaimed any rights, title or interest in and to the tracts of real property involved in the dispute. Plaintiff presented evidence to the court, and judgment was thereafter rendered in favor of plaintiff. William P. Bibby, Jo Ann Bibby and Cora Maye Rausheck timely made their motions for new trial which were overruled by operation of law, and thereafter timely perfected this appeal. There are no findings of fact and conclusions of law.

For clarity William P. Bibby and wife, Jo Ann Bibby, will be referred to individually as "Mr." or "Mrs. Bibby." Cora Maye Rausheck or C. M. Rausheck, trustee, will be referred to as "Rausheck." Otherwise they shall be collectively referred to as "appellants."

The dispute in this case involves ownership of certain lots in the Kirkwood addition to the City of Kilgore, located in Gregg and Rusk Counties. The record reveals that by deed dated June 1, 1973, the American Founders Life Insurance Company conveyed 42 lots in said addition to Mr. and Mrs. Bibby. Of these lots 28 were covered by general warranty and 14 by special warranty. On July 11, 1973, Mr. and Mrs. Bibby conveyed 26 of the 28 general warranty lots to plaintiff. The deed was re-

corded on July 19, 1973. No vendor's lien was reserved in the deed.

On July 24, 1973, Mr. Bibby conveyed the fourteen special warranty lots to plaintiff. The deed in designating the grantor recited: "I, William P. Bibby, not joined by my wife, the property herein conveyed being no part of my homestead." This deed was filed for record on the same day and was recorded on August 9, 1973. Plaintiff thereby held record title to forty of the forty-two lots conveyed by American Founders Life Insurance Company to Mr. and Mrs. Bibby.

On May 28, 1974, Rausheck executed and recorded on May 29, 1974, a "Vendor's Lien and Property Ownership Affidavit." In said affidavit Rausheck swore that:

1. she was the owner of a one-half undivided interest in the same 14 lots conveyed by Mr. Bibby to plaintiff on July 24, 1973;

2. she was the owner of the two lots which had not been conveyed to plaintiff;

3. she had the power to sell any or all of the lots pursuant to a power of attorney granted to her by Mr. and Mrs. Bibby on June 2, 1973;

4. she agreed to allow a direct conveyance from Mr. and Mrs. Bibby to plaintiff-appellee on the same date as her conveyance (July 11, 1973) and to delay recording her conveyance from Mr. and Mrs. Bibby, "to enable the purchaser [plaintiff] to complete arrangements for balance of the purchase price to be paid to the said Cora Maye Rausheck"; and that

5. the consideration to be paid by plaintiff to Rausheck was now past due and that Rausheck had a vendor's lien against the property.

The deed through which Rausheck allegedly gained title to the properties in question was allegedly executed by Mr. and Mrs. Bibby on July 11, 1973. It, however, was not recorded until June 14, 1974. It is this deed which Rausheck alleges she agreed not to record and thereby allow a direct conveyance from Mr. and Mrs. Bibby to plaintiff to enable plaintiff to "complete arrangements for balance of the purchase price." The deed from Mr. and Mrs. Bibby to Rausheck is not in the record of this case, but is only before us by way of exhibit attached to appellants' brief. However, this deed was specifically cancelled by the court's judgment.

Plaintiff in his second amended petition asked the court to remove only Rausheck's affidavit from the deed records and any other "affidavits, claims or instruments" placed of record by Rausheck or Mr. and Mrs. Bibby.

Service of citation was properly completed and appellants-defendants had been timely notified of the trial setting and date for hearing. The record shows that the case was called for trial and that appellants did not appear, although each appellant had made written answer to plaintiff's pleadings. Plaintiff announced ready and proceeded to present its case to the court, introducing into evidence certain items, among which were the depositions of plaintiff, Rausheck, and Mr. and Mrs. Bibby. Also introduced into evidence were:

1. the deed by American Founders Life Ins. Co. conveying 42 lots to Mr. and Mrs. Bibby;

2. the deed by Mr. and Mrs. Bibby conveying 26 lots to plaintiff;

3. the deed from Mr. Bibby, not joined by his wife, conveying 14 lots to plaintiff; and

4. Rausheck's "Vendor's Lien and Property Ownership Affidavit."

Thereupon the court rendered its judgment, ordering "that any and all affidavits, deeds and instruments including but not limited to Vendor's Lien and Property Ownership Affidavit . . . and the Warranty Deed from William P. Bibby and Jo Ann Bibby to C. M. Rausheck, Trustee dated July 11, 1973 . . . and any other instruments of whatsoever nature under which any of the Defendants, Cora Mae [sic] Rausheck, C. M. Rausheck, Trustee, William P. Bibby or Jo Ann Bibby claim any rights or interest in and to the title to any one or more . . . [of the forty lots previously conveyed to plaintiff] . .

to be of no force, tenor or effect, and the same are hereby . . . cancelled and removed from the chain of title . . . as completely as though the same had never been placed of record." The court also awarded plaintiff actual damages of $72,-600.00 against Mr. and Mrs. Bibby and Rausheck, and exemplary damages of $100,-000.00 against Rausheck separately. No findings of fact or conclusions of law were requested or filed. After their motions for new trial were overruled, appellants perfected this appeal alleging five points of error.

Appellants and appellee in their briefs refer to the judgment of the trial court as a default judgment. This is incorrect. Where a defendant has filed an answer but fails to appear for trial, a judgment by default is improper. The plaintiff in such situation must proceed to trial and prove his case and see to it that a court reporter was present to make a record. *Hall v. C–F Emp. Credit U.,* 536 S.W.2d 266 (Tex.Civ.App.—Texarkana 1976, n. w. h.). The defendants, by failing to appear at trial, do not abandon their answers nor make an implied confession of any issues joined. *Frymire Engineering Co., Inc. v. Grantham,* 524 S.W.2d 680 (Tex.Sup.1975). In this case plaintiff did proceed to trial and present evidence, all of which were recorded by a court reporter and is now before this court by way of statement of facts.

Where no findings of fact or conclusions of law are filed, this court must presume on appeal that every fact issue and such implied findings as were necessary to support the judgment were found by the trial court. *Morris v. Texas Elks Crippled Children's Hospital, Inc.,* 525 S.W.2d 874, 881 (Tex.Civ.App.—El Paso 1975, writ ref'd n. r. e.). In passing upon upon whether there is any evidence to support the judgment, we must consider only the evidence favorable to the implied findings of the trial court, but in passing on the insufficiency of the evidence we consider all the evidence in the record. *Richardson v. Holmes,* 525 S.W.2d 293, 295 (Tex.Civ.App.

—Beaumont 1975, writ ref'd n. r. e.). In the absence of findings and conclusions the judgment of the trial court must be affirmed if there is any legal theory which supports the judgment which has support in the evidence. *Washington v. Law,* 519 S.W.2d 953, 954 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n. r. e.).

We shall consider appellants' third, fourth and fifth points of error together. In all three points appellants complain that the court should not have rendered judgment cancelling both specified and unspecified instruments. In point of error number three appellants allege that the deed from the Bibbys to Rausheck should not have been cancelled because there was no evidence to support the cancellation. In point of error number four appellants allege that Rausheck's "Vender's Lien and Property Ownership Affidavit" should not have been cancelled in the absence of a showing by a preponderance of the evidence that the statements in such affidavit were untrue and that her claim was unfounded. In their fifth point of error appellants complain of the judgment generally, alleging that it cancelled instruments of record "without support in the pleadings, without evidence" and did not describe such instruments specifically.

The principal issue in a suit to quiet title concerns the existence of a cloud on title that equity will remove. 47 Tex. Jur.2d "Quieting Title" sec. 27, page 523. The primary requisite in a suit to quiet title is that the plaintiff must prove, and thereby recover on, the strength of his title and not on the weakness or invalidity of his adversary's title. *McGuire v. Bond,* 271 S.W.2d 508, 511 (Tex.Civ.App.—El Paso 1954, writ ref'd n. r. e.); *Katz v. Maddox,* 256 S.W.2d 249, 250 (Tex.Civ.App.—San Antonio 1953, writ ref'd n. r. e.).

In this case plaintiff offered three deeds into evidence to prove up his title to 40 lots. Under the first deed in evidence, American Founders Life Insurance Company conveyed to Mr. and Mrs. Bibby the following 42 lots being part of the Kirkwood Addition to the City of Kilgore:

1. By general warranty, 28 lots, as follows:

 Block One: Lots 1, 2, 3 & 4
 Block Five: Lot 5
 Block Seven: Lots 1, 2, 4, 5 & 7
 Block Eight: Lot 9
 Block Nine: Lot 9
 Block Ten: Lots 1, 2, 3, 4, 6, 7, 8, 9 & 10
 Block Twelve: Lots 2, 3, 4 & 8
 Block Thirteen: Lots 1, 6 & 7

2. By special warranty, 14 lots, as follows:

 Block Three: Lot 3
 Block Seven: Lot 8
 Block Eight: Lot 7, 8, 11 & 13
 Block Nine: Lots 4, 6, 7, 10 & 11
 Block Ten: Lot 5
 Block Twelve: Lot 9
 Block Thirteen: Lot 4

In the second deed offered into evidence by plaintiff, *Mr. & Mrs. Bibby* conveyed by warranty deed 26 of the 28 general warranty lots to plaintiff, as follows:

 Block One: Lots 1, 2, 3 & 4
 Block Five: Lot 5
 Block Seven: Lots 1, 2, 4, 5 & 7
 Block Nine: Lot 9
 Block Ten: Lots 1, 2, 3, 4, 6, 7, 8, 9 & 10
 Block Twelve: Lots 2, 3, 4 & 8
 Block Thirteen: Lots 1 & 6

In the third deed offered into evidence by plaintiff, Mr. Bibby, not joined by his wife, conveyed by warranty deed the 14 special warranty lots to plaintiff, as follows:

 Block Three: Lot 3
 Block Seven: Lot 8
 Block Eight: Lots 7, 8, 11 & 13
 Block Nine: Lots 4, 6, 7, 10 & 11
 Block Ten: Lot 5
 Block Twelve: Lot 9
 Block Thirteen: Lot 4

■ In their deposition Mr. and Mrs. Bibby made vague comments about a deed which they gave to Rausheck. In Rausheck's "Vender's Lien and Property Ownership Affidavit" she suggested that "She is the owner of a One-Half (½) undivided interest in and unto" the same 14 lots conveyed to plaintiff by Mr. Bibby without the joinder of Mrs. Bibby. Rausheck also asserts in her affidavit that she was conveyed this undivided interest in the 14 lots by deed from Mr. and Mrs. Bibby. In their brief, appellants Rausheck and Mr. and Mrs. Bibby refer to a deed from Mr. and Mrs. Bibby to Rausheck conveying an undivided interest in the same 14 lots. By way of exhibit, appellants attached to their brief a copy of the purported deed which is not in evidence, and yet, is expressly cancelled and removed from chain of title by the judgment. The deed attached to appellants' brief shows a conveyance by Mr. and Mrs. Bibby to Rausheck of the same 14 lots previously conveyed to plaintiff by Mr. Bibby, though not joined therein by Mrs. Bibby. However, as to this purported deed, not being before us through formal inclusion in the record, we cannot consider said deed for any purpose. *Nixon v. Royal Coach Inn*, 464 S.W.2d 900, 901 (Tex.Civ.App.—Houston [14th Dist.] 1971, n.w.h.).

Thus, this case itself has a cloud on it. The judgment expressly cancels and removes from chain of title a "Warranty Deed from William P. Bibby and Jo Ann Bibby to C. M. Rausheck, Trustee dated July 11, 1973." It appears from the exhibits on file in the record that this deed affects only the 14 lots. This deed, however, was not introduced into evidence nor is it before us otherwise by formal inclusion in the record. Plaintiff did not even mention said deed in his pleadings. "The judgment of the court shall conform to the pleadings, the nature of the case proved . . .." Tex.R.Civ.P. 301. There is also a question here as to whether or not the judgment conforms to plaintiff's pleadings. Nevertheless, we do not reach this question since the judgment in part does not conform to the case proved.

■ What is in the record concerning plaintiff's right to remove cloud on title is evidence clearly showing that he has full and unencumbered title to the 26 lots previously described. As to these 26 lots previ-

ously described, the judgment is affirmed. As to the 14 lots, title to which is disputed, the judgment is reversed and remanded.

 Appellants in their first and second points of error allege the court erred in rendering judgment for actual unliquidated damages against appellants and exemplary damages against appellant Rausheck without hearing evidence as to such damages. We reiterate here that the judgment was not a default judgment even though it may have been designated as such by all parties and the court below. However, appellants' points are well taken. The court awarded actual damages of $72,600.00 against appellants and exemplary damages of $100,000.00 against appellant Rausheck. The only evidence in the record as to damages are the general statements by plaintiff in his deposition that his development of the property was tied up by the clouds on title after he had a total investment of $85,517.00 in the property, including approximately $25,000.00 for engineering and attorney fees, plans, specifications and "various things of that nature." It was plaintiff's intent here to develop the property and sell it in lots to purchasers for residential purposes. From the deposition testimony of plaintiff it is obvious that delay was the cause of whatever damages he suffered. The damages to be awarded as a result of cloud on title to realty are those damages which would compensate for the loss or prejudice suffered. *McCollum Exploration Co. v. Reaugh*, 146 S.W.2d 1109, 1111 (Tex.Civ.App.—San Antonio 1940) affirmed 139 Tex. 485, 163 S.W.2d 620. Plaintiff here has failed to show what amount of damages, if any, would compensate him for the delay caused by cloud on his title.

 There is no question but that exemplary damages may be awarded in a suit to remove cloud on title. *Reaugh v. McCollum Exploration Co.*, 139 Tex. 485, 163 S.W.2d 620, 622 (Tex.1942). However, without proof of actual damages, there can be no award for exemplary damages. *Phillips v. Wertz*, 546 S.W.2d 902 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.). Therefore, that portion of the judgment awarding actual

and exemplary damages is reversed and remanded for full development of evidence on damages.

In summary the judgment of the trial court is affirmed in part and reversed and remanded in part. That portion of the judgment holding that plaintiff is entitled to have all clouds on title to the 26 lots (conveyed to him by the Bibbys on July 11, 1973) removed is affirmed. That portion of the judgment holding that plaintiff is entitled to have all clouds on title to the 14 lots (conveyed to him by Mr. Bibby's deed individually) removed is reversed and as to those 14 lots only this case is remanded for a determination of the rights of all parties in said 14 lots. That portion of the judgment awarding actual and exemplary damages to plaintiff is reversed, and this case is remanded for further development of damages suffered by plaintiff, if any.

Affirmed in part and reversed and remanded in part.