IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-520-CV





ANITA GUERRA ANGUIANO,



 APPELLANT


vs.





THE STATE OF TEXAS, THE CITY OF SAN ANTONIO, TEXAS AND 


METROPOLITAN RAPID TRANSIT AUTHORITY OF SAN ANTONIO, TEXAS,



 APPELLEES





 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 388,940, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING



 



 



 Anita Guerra Anguiano seeks review by petition for writ of error of a judgment
rendered against her. Anguiano brings one point of error challenging the validity of the judgment
of the trial court where the plaintiff proceeded to trial in her absence, without a court reporter
present to make an evidentiary record. We will reverse the judgment and remand the cause to the
trial court for a new trial.



 BACKGROUND



 The State of Texas, the City of San Antonio, and the Metropolitan Rapid Transit
Authority of San Antonio (collectively, the "State"), brought suit against Anguiano to recover delinquent taxes, including interest and penalties, attorneys' fees, and court costs. Anguiano filed
a written answer, but failed to appear at trial. The State proceeded to a trial before the court, but
neglected to have a court reporter present to make an evidentiary record; the trial court rendered
judgment against Anguiano. After a hearing on Anguiano's motion to set aside the judgment, the
trial court announced it would grant a new trial. However, the court did not sign a written order
granting the new trial within 75 days after the judgment was signed; thus, the motion was
overruled by operation of law. Tex. R. Civ. P. 329b(c). Thereafter, Anguiano timely filed the
petition for writ of error and an appeal bond.


DISCUSSION



 The necessary requirements to seek review by petition for writ of error are (1) the
petition must be brought within six months of the date the judgment was signed; (2) by a party
to the suit; (3) who did not participate in the actual trial either in person or by attorney; and
(4) the error complained of must be apparent from the face of the record. Tex. R. App. P. 45;
General Elec. Co. v. Falcon Ridge Apts., 811 S.W.2d 942, 943 (Tex. 1991). Anguiano has met
the first three requirements. We must now determine whether the error complained of is apparent
on the face of the record. 

 Anguiano argues that error is apparent on the face of the record in that she was
unable to obtain a record of the trial setting forth the evidence upon which the judgment was
rendered. The question presented is whether a court's judgment is valid where a plaintiff
proceeds to trial and puts on evidence without a court reporter present to make an evidentiary
record in the absence of a defendant who has filed an answer but failed to appear at trial. We
hold that such a judgment is invalid. Where a defendant answers by general denial but fails to
appear at trial, the plaintiff must proceed to trial and present a prima facie case. Bibby v. Preston,
555 S.W.2d 898, 901 (Tex. Civ. App.--Tyler 1977, no writ). In Bibby, the court held that a
record of the trial and the evidence presented must be made by a court reporter before a valid
judgment may be rendered. Bibby, 555 S.W.2d at 901. 

 The State contends that the absence of a court reporter is irrelevant in this case
because the Comptroller's certificates prove the State's prima facie case. See Tex. Tax Code
Ann. § 151.603 (West 1982 & Supp. 1992), Tex. Tax Code Ann. § 111.013 (West 1982). The
State argues that the certificates attached to its original petition demonstrate that the trial court did
not decide this case based on testimony or evidence which is unavailable for appellate review. 
We disagree. While section 151.603 of the Tax Code provides that a certificate of the
Comptroller is prima facie evidence of the tax delinquency, section 111.013 provides that the
certificate is admissible as evidence and, when admitted, becomes prima facie evidence of its
contents. (1) Tex. Tax Code Ann. § 111.013. (Emphasis added). Because there is no record to
indicate that the Comptroller's certificates were introduced into evidence, they are not before us
for consideration.

 We previously have refused to consider as evidence attachments to a party's
pleadings that were not made part of the record. Carr v. Central Music Co., 494 S.W.2d 280,
281 (Tex. Civ. App.--Austin 1973, no writ). In Carr, we stated that it was the plaintiff's burden
to introduce its exhibits into evidence in order for them to be considered by the trial court and,
ultimately, by the appellate court. Carr, 494 S.W.2d at 281.

 The State responds that there are circumstances under which an affidavit and the
petition together may be deemed to constitute the record. The State cites a supreme court decision
holding that a trial court may terminate a parent's rights without making a record, relying only
on the petition and the parent's affidavit of relinquishment as "the record which supports the trial
court's judgment." Brown v. McLennan County Children's Protective Servs., 627 S.W.2d 390,
394 (Tex. 1982). The affidavit in Brown can be distinguished from the certificates in this case. 
 While generally requiring a record to be made in parent-child suits, the Family Code permits the
parties to waive the making of a record with the consent of the court. Tex. Fam. Code Ann. §
11.14(d) (West 1986). In Brown, the court reasoned that by making a relinquishment of parental
rights irrevocable under certain circumstances, the Legislature intended "to make such an affidavit
of relinquishment sufficient evidence on which the trial court can make a finding that termination
is in the best interest of the children." Brown, 627 S.W.2d at 394. The court seems to imply that
by executing a relinquishment that is irrevocable for a period of time, the parent also agrees to
waive the making of a record for that same period of time. See Tex. Fam. Code Ann. § 15.03(d)
(West 1986).

 In the case before us, the State, not Anguiano, executed the certificates on which
it wishes to rely as the record. But the State can point to no statutory authority or legislative
intent that would equate the Comptroller's execution of a certificate with Anguiano's waiver of
the making of a record. We find the Brown holding inapplicable in these circumstances.

 By failing to appear at trial, Anguiano did not waive her right to have a record
made. See Morgan Express, Inc. v. Elizabeth-Perkins, Inc., 525 S.W.2d 312 (Tex. Civ.
App.--Dallas 1975, writ ref'd). In Morgan Express, the court held that an appellant's right to a
record is not deemed to have been waived where the appellant, who was neither present nor
represented by counsel at the trial, later discovers that no record was made during the presentation
of evidence. Morgan Express, 525 S.W.2d at 314.

 Even if the certificates were introduced at the trial, we cannot review them in the
absence of a statement of facts. It is the statement of facts we consider in determining whether
there is sufficient evidence to support the judgment. Id. Where a statement of facts is unavailable
through no fault of the appellant, and the appellant timely requests a statement of facts, she is
entitled to a new trial. Vickers v. Sunrise Lumber Co., 759 S.W.2d 747, 748 (Tex. App.--El Paso
1988, writ denied). In this case, Anguiano timely requested a statement of facts. Moreover,
although generally we can presume there was sufficient evidence to support a judgment in the
absence of a statement of facts, we cannot make such a presumption under these circumstances. 
See Hall v. C-F Employees Credit Union, 536 S.W.2d 266, 268 (Tex. Civ. App.--Texarkana 1976,
no writ).

 We sustain appellant's only point of error. Rendering a judgment without making
an evidentiary record in a defendant's absence after she has answered is reversible error. Hall,
536 S.W.2d at 268.



CONCLUSION



 We reverse the judgment and remand the cause to the trial court for a new trial.



 

 Bea Ann Smith, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Reversed and Remanded

Filed: October 21, 1992

[Do Not Publish]

1.   The language in § 111.013 on which we rely has been deleted; however, the 1982
version governs claims brought prior to September 1, 1991.