# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00341-CV

**Dwight Benford, Appellant**

**v.**

**Lester Rivers and Paula Salinas, Appellees**

### FROM PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-PB-15-00 1354, THE HONORABLE GUY S. HERMAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Dwight Benford appeals the trial court's judgment rejecting his application to admit to probate either of two documents as the last will of Charles Humphrey. In two appellate issues, Benford challenges the sufficiency of the evidence to support the court's decision to refuse to admit the two documents to probate. Because the evidence was sufficient to support the court's findings in refusing to admit either document to probate, we affirm.

## BACKGROUND

Humphrey died on July 12, 2015. He was survived by his son-in-law, appellant Benford (the widower of Humphrey's eldest daughter, who predeceased him); his son, appellee Lester Rivers; and several other adult children.[1] During his life, Humphrey executed at least three

---

[1] Appellee Paula Salinas was the court-appointed temporary dependent administrator of Humphrey's estate.

wills—one in 2009, one in 2012, and a final one in 2015. The 2009 Will named Rivers as executor of Humphrey's estate and provided that Rivers would get a large share of the estate.

The month that Humphrey died, Rivers applied to the trial court for probate of the 2009 Will. The court then ordered the 2009 Will admitted to probate. A few months later, Adriana Shatora Benford[2] applied for probate of either of two later-executed documents as Humphrey's last will, a document that Humphrey had executed at the hospital (the 2015 Will) and a document that he had executed in December 2012 (the 2012 Will).

Benford, as well Humphrey's other living children, appeared in the suit. He also applied for probate of the 2015 Will or, in the alternative, the 2012 Will.

The trial on Benford's application took place in March 2021. The only two witnesses were Humphrey's family-medicine physician and Benford, and no exhibits were offered as evidence. According to Benford, both Rivers and Humphrey's other children grew apart from their father over the years.

In April 2015, Humphrey was taken to the hospital. According to Humphrey's physician and Benford, Humphrey had needed full-time care for some time and checked in with a condition that caused him to be confused and disoriented. During his hospital stay, Humphrey, according to Benford, asked Benford to help create a new will for him. Benford said that Humphrey told him that he wanted to draw up a new will more beneficial to Benford, "I want you to change this will because I want you to take everything because nobody's helping me." Benford said that Humphrey then dictated the terms of the will to Benford, which Benford relayed over the

---

[2] Because she has the same surname as Dwight Benford, we will refer to Adriana Shatora Benford as "Adriana" to avoid ambiguity. The evidence from trial does not reveal Adriana's relationship to either Benford or Humphrey.

2

phone to an attorney's office. Benford also said that Humphrey executed the will and that hospital personnel served as the notary and witnesses. Humphrey was later discharged from the hospital but died a few months later.

When Benford rested, Rivers moved for "a directed verdict," arguing that Benford failed to prove his case. The court granted the motion and in its judgment said that the 2009 Will would remain the will admitted to probate. The court later, at Benford's request, made findings of fact and conclusions of law. In the findings and conclusions, the court ruled:

**Findings of Fact**

. . . .

2.      That there is insufficient evidence to show that the document dated April 17, 2015 was executed with all of the formalities required by law to make that document a valid Will of Charles Wesley Humphrey.

3.      That Charles Wesley Humphrey did not have testamentary capacity on April 17, 2015 when Charles Wesley Humphrey executed the document dated April 17, 2015.

. . . .

5.      That the document dated April 17, 2015 is not entitled to probate as the last Will of Charles Wesley Humphrey.

. . . .

7.      There was no testimony about the document dated December 14, 2012.

**Conclusions of Law**

1.      That the document dated April 17, 2015 is not admitted to probate as the Will of Charles Wesley Humphrey.

2.      That the Will dated January 28, 2009, admitted to probate herein on August 4, 2015, stands as the last Will of Charles Wesley Humphrey at the present time.

(All-capitalization removed.) Benford now appeals.

3

**APPLICABLE LAW**

Even after a decedent's will has been admitted to probate, a party may apply "for the probate of a will of the same decedent that has not previously been presented for probate." Tex. Est. Code § 256.102. And even after letters of administration have been granted on the decedent's estate, an applicant may seek to prove a different lawful will of the decedent "in the manner provided for the proof of wills." *Id.* § 256.103(a). The court considers such second applications to probate a will "under the same standards and criteria as the first [application for probate] and may admit the second will to probate." *Austin v. Austin*, No. 03-18-00678-CV, 2019 WL 4309569, at *1 (Tex. App.—Austin Sept. 12, 2019, no pet.) (mem. op.) (citing Tex. Est. Code §§ 256.102, 256.103(a)). Admitting the second will to probate revokes the admission to probate of the earlier will. *Id.*

Applicants for probate of a will, including an applicant under Sections 256.102 or 256.103, bear the burden of proof for admitting the will to probate. *See* Tex. Est. Code §§ 256.151–.153; *Austin*, 2019 WL 4309569, at *2. Among other requirements, the applicant must prove either (a) that the will is "self-proving," *see* Tex. Est. Code §§ 251.101–.107, or (b) if not self-proving, that the testator "executed the will with the formalities and solemnities and under the circumstances required by law to make the will valid" and was of sound mind, among other things. *Id.* § 256.152(a)(2); *see Austin*, 2019 WL 4309569, at *2; *accord Bracewell v. Bracewell*, 20 S.W.3d 14, 25–26 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (explaining, under predecessor Probate Code statutes, that proof of formalities is not required for probate of self-proved will).

## STANDARD OF REVIEW

"In an appeal from a judgment rendered after a bench trial, the trial court's findings of fact have the same weight as a jury's verdict, and we review the legal and factual sufficiency of the evidence used to support them just as we would review a jury's findings." *Woods v. Kenner*, 501 S.W.3d 185, 195 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994)); *Jones v. Jones*, __ S.W.3d __, 2022 WL 904444, at *3 (Tex. App.—Houston [1st Dist.] Mar. 29, 2022, no pet.). And even when there are express findings of fact and at least one element on a claim found by the court, still "[i]t is presumed that all fact findings needed to support the judgment were made by the trial court." *12636 Rsch. Ltd. v. Indian Bros.*, No. 03-19-00078-CV, 2021 WL 417027, at *6 (Tex. App.—Austin Feb. 5, 2021, no pet.) (mem. op.) (quoting *Pulley v. Milberger*, 198 S.W.3d 418, 427 (Tex. App.—Dallas 2006, pet. denied), and citing *Tex-Air Helicopters, Inc. v. Galveston Cnty. Appraisal Rev. Bd.*, 76 S.W.3d 575, 585–88 (Tex. App.—Houston [14th Dist.] 2002, pet. denied)); *see* Tex. R. Civ. P. 299. When the appellate record includes the reporter's record and clerk's record, these presumed findings are not conclusive and may be challenged for legal and factual sufficiency. *Helmer v. Rusco Operating, LLC*, No. 03-21-00148-CV, 2022 WL 963236, at *3 (Tex. App.—Austin Mar. 31, 2022, no pet.) (mem. op.).

When, as in this case, an appellant mounts a legal-sufficiency attack on a finding on which the appellant bore the burden of proof at trial, the appellant must "show that 'the record conclusively establishes all vital facts in support of the issue.'" *12636 Rsch.*, 2021 WL 417027, at *7 (quoting *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017)). As for a factual-sufficiency attack, an appellant who bore the trial burden on a finding that the appellant attacks "must show that the finding 'is against the great weight and preponderance of the

5

evidence.'" *Id.* (quoting *Fox v. O'Leary*, No. 03-11-00270-CV, 2012 WL 2979053, at *3 (Tex. App.—Austin July 10, 2012, pet. denied) (mem. op.)).

In a bench trial, the trial court is the factfinder and sole judge of the credibility of the witnesses. *Id.* at *5 (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986)). "Accordingly, the trial court may consider all the facts and circumstances in connection with the testimony of each witness and accept or reject all or part of that testimony." *Id.* (quoting *Hailey v. Hailey*, 176 S.W.3d 374, 383 (Tex. App.—Houston [1st Dist.] 2004, no pet.)). The trial court may believe one witness, disbelieve others, and resolve inconsistencies in any testimony. *Id.* (citing *McGalliard*, 722 S.W.2d at 697). "An appellate court may not substitute its judgment for the trial court's assessment of witnesses' testimony in a bench trial." *Id.* (quoting *Hailey*, 176 S.W.3d at 383).

## DISCUSSION

### I.   The evidence was sufficient to support the refusal to admit the 2015 Will to probate.

Benford's first issue concerns the 2015 Will: the trial court "improperly granted a judgment in favor of Appellee Rivers . . . , concluding there was insufficient evidence of Mr. Humphrey's testamentary capacity in 2015, even though Appellant Dwight Benford had established a prima facie case." He argues that he established a prima facie case to admit the 2015 Will to probate because the 2015 Will was "self-proving," as that term is used in subtitle F of title 2 of the Estates Code.

A self-proving will exists in one of two circumstances. *See* Tex. Est. Code § 251.101. Either "a self-proving affidavit subscribed and sworn to by the testator and witnesses is attached or annexed" to the will, *see id.* §§ 251.101(1), 251.104, or the will "is simultaneously executed, attested, and made self-proved as provided by Section 251.1045," which involves

6

including with the will approved text that is sworn to before an officer authorized to administer oaths, *see id.* §§ 251.101(2), 251.1045(a)–(b). As noted above, if an applicant for probate of a will does not prove that the will is self-proving, the applicant must instead prove certain facts about the testator's execution of the will, including that the will was executed with the "formalities and solemnities" referred to in Estates Code section 256.152(a)(2)(A). *See Austin*, 2019 WL 4309569, at *2.

The trial court's findings here address these formalities: "[T]here is insufficient evidence to show that the [2015 Will] was executed with all of the formalities required by law to make that document a valid Will." Benford does not attack this finding on appeal; instead, he argues that the trial court erred by refusing to admit the 2015 Will to probate because the evidence establishes as a matter of law that the will was self-proving.

A self-proved will is a will (1) to which a self-proving affidavit subscribed and sworn to by the testator and witnesses is attached or annexed or (2) is simultaneously executed, attested, and made self-proved as provided by Section 251.1045. Tex. Est. Code § 251.1045. Section 251.104 sets out the "form and content [for a] self-proving affidavit," with which the testator must substantially comply. *Id.* § 251.104. Similarly, Section 251.1045 provides that a will "may be simultaneously executed, attested, and made self-proved" when it substantially incorporates the form language set forth in that provision. *Id.* § 251.1045. Under both the legal- and factual-sufficiency standards, the evidence at trial—or lack thereof—supports the court's implied finding that the 2015 Will was not self-proving. For one thing, neither Benford nor anyone else offered any exhibits as evidence, including the 2015 Will.

When citing the 2015 Will in his appellate brief, Benford refers only to Adriana's attachment of a purported copy of the 2015 Will to her Application to Probate Will, filed with

7

the trial court on August 18, 2015.[3]  But we may not consider the attachment to Adriana's Application to be evidence from trial.  Although parties may "attach copies of written instruments to pleadings," "unless the instrument is introduced in evidence in the course of trial, the exhibit will not be considered as evidence."  *Carr v. Central Music Co.*, 494 S.W.2d 280, 281 (Tex. App.—Austin 1973, no writ); *see also Estate of Nelson v. Neal*, 764 S.W.2d 322, 325 (Tex. App.— Texarkana 1988) (concluding that instrument attached to pleadings was not evidence in probate proceeding) (citing *Carr*), *aff'd sub nom. Nelson v. Neal*, 787 S.W.2d 343, 346 (Tex. 1990). "It was the burden of appellant to introduce the [document] in evidence in order for it to be considered by the trial court and by the appellate court."  *See Carr*, 494 S.W.2d at 281; *see also Eichhorn v. Eichhorn*, No. 03-20-00382-CV, 2022 WL 1591709, at *13 (Tex. App.—Austin May 20, 2022, no pet.) (mem. op.) ("[E]vidence that was not admitted into the record cannot inform an evidentiary-sufficiency analysis." (quoting *DeLeon v. Lacey*, No. 03-13-00292-CV, 2015 WL 4449436, at *4 (Tex. App.—Austin July 15, 2015, no pet.) (mem. op.))).  Benford did not do so.

In addition, there was no testimony that Humphrey had executed a self-proving affidavit or incorporated into the 2015 Will the form or language provided in Section 251.1045. *See* Tex. Est. Code §§ 251.101(1)–(2), 251.104, 251.1045.  Thus, under the legal- and factual-sufficiency standards, we hold that the trial court did not err by impliedly finding that the 2015 Will was not self-proving.  This holding plus the lack of any challenge on appeal to the finding that the 2015 Will lacked the required formalities together mean that Benford did not carry his burden to prove either that the 2015 Will was self-proving or that it satisfies the elements laid out in

---

[3] Benford attached this purported copy of the 2015 Will to his April 2020 motion for summary judgment.

Section 256.152 about the testator and the execution of the will. *See Austin*, 2019 WL 4309569, at \*2. We overrule Benford's first issue.[4]

## II.  The evidence was sufficient to support the refusal to admit the 2012 Will to probate.

Benford's second issue concerns the 2012 Will: the trial court erred by "grant[ing] judgment to Appellee Rivers regarding Decedent Humphrey's 2012 Will (stating 'there was no evidence proving up the instrument dated December 14, 2012, as a Will of the Decedent') even though Mr. Humphrey's 2012 Will was a self-proved will, which by statute may be admitted into evidence without testimony."

As with the 2015 Will, no one offered the 2012 Will as evidence at trial. Benford's appellate brief cites a copy of the 2012 Will that was filed with the trial court just after Adriana's October 2015 filing of her Amended Application to Probate Will. This is not evidence that we may consider in an evidence-sufficiency review. *See Estate of Nelson*, 764 S.W.2d at 325; *Carr*, 494 S.W.2d at 281.

And as with the 2015 Will, no testimony discussed any written materials that could make the 2012 Will self-proving under Sections 251.101, 251.104, and 251.1045. The trial court found, "There was no testimony about the document dated December 14, 2012"—the 2012 Will. The only testimony Benford points to on appeal is about Humphrey's soundness of mind in 2012. But the proof needed for probate of a will includes not only the testator's soundness of mind but also that (1) the will was in writing, (2) it was signed by the testator in person, (3) it was signed by someone else on behalf of the testator in the testator's presence and under the testator's direction,

---

[4] We need not reach the arguments under his first issue that challenge the trial court's finding that Humphrey lacked testamentary capacity when he executed the 2015 Will. *See* Tex. R. App. P. 47.1.

9

and (4) it was attested by two or more credible witnesses who are at least 14 years old and who subscribe their names to the will in their own handwriting in the testator's presence. *See* Tex. Est. Code § 251.051. No testimony or trial exhibits addressed these matters for the 2012 Will.

We thus hold under the legal- and factual-sufficiency standards that the trial court did not err by impliedly finding that the 2012 Will was not admissible to probate. We overrule Benford's second issue.

## CONCLUSION

We affirm the trial court's judgment.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Affirmed

Filed: August 4, 2022